UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RHONDA E REYNA,<br><br>       Plaintiff,<br><br>   v.<br><br>CITY OF SANTA CRUZ, et al.,<br><br>      Defendants. | Case No. 23-cv-03121-SI<br><br>**ORDER:**<br>**-GRANTING IFP STATUS;**<br>**DISMISSING COMPLAINT, WITH**<br>**LEAVE TO AMEND;**<br>**DENYING EX-PARTE APPLICATIONS**<br><br>Re: Dkt. Nos. 2, 15, 16 |

Self-represented plaintiff Rhonda Reyna has filed this civil rights action under 42 U.S.C. § 1983. Dkt. No. 1. Her complaint is now before the Court for review under 28 U.S.C. § 1915. The Court has also received two ex parte applications from plaintiff. Dkt. Nos. 15, 16.

For the reasons stated in the Discussion section below, the Court **GRANTS** plaintiff's application to proceed in forma pauperis ("IFP") (Dkt. No. 2) but **DISMISSES** plaintiff's complaint (Dkt. No. 1). Some of the claims/defendants in the complaint are dismissed without leave to amend, and some are dismissed with leave to amend. **Plaintiff shall file an amended complaint that complies with the instructions in this Order no later than October 17, 2023**. The Court also **DENIES** plaintiff's ex parte applications.

## BACKGROUND

**I.  Factual Background[1]**

On June 23, 2023, plaintiff filed a 76-page complaint against 54 defendants for alleged

---

[1] The Court is not making a ruling today that any of the allegations in the complaint are or are not true. For the purposes of screening the complaint under 28 U.S.C. § 1915, the Court assumes, *without deciding*, that the allegations in the complaint are true.

misdeeds in connection with plaintiff's family law/child custody case and the events surrounding it. Dkt. No. 1 ("Compl."). The complaint describes numerous abuses plaintiff and her daughter suffered at the hands of her daughter's father, and the roles that the defendants played in the events that unfolded. The complaint covers a time period from 2014 through 2023. From what the Court can tell, it appears that plaintiff no longer has custody of her daughter, and that the daughter (B.M.) is still a minor, about 15 years old. The complaint also describes at least one incident of the plaintiff being arrested by Santa Cruz police officers, on June 28, 2021, and the aftermath that plaintiff suffered while in jail following the arrest. During that same incident, plaintiff states that Santa Cruz police officers carried out a "violent and brutal assault" against B.M, in which they grabbed her hair and slammed her face against the pavement, jumped on her neck, "hogtied" her, shackled her, forced her into the back of a black SUV, put a helmet on her and injected her with a needle, and locked her up for three days in isolation. *Id.* ¶¶ 154-164.

The defendants in this case include the City of Santa Cruz, the County of Santa Cruz, the County of San Mateo, the Santa Cruz County Sheriff's Office, the San Mateo County Sheriff's Office, the San Mateo County Family Court, numerous officers of the Santa Cruz and San Mateo police department and Sheriff's offices, members of the Santa Cruz City Council, several Superior Court judges, the Woodside School District Superintendent, the Woodside Elementary School Principal, United Dental, various attorneys, various domestic violence agencies, and a court reporter.

The complaint brings six claims for relief under 42 U.S.C. § 1983, alleging violations of the First Amendment, Second Amendment, Fourth Amendment, Eighth Amendment, Fourteenth Amendment, and Sixth Amendment. The complaint seeks compensatory and punitive damages as well as injunctive relief.

## II.    Procedural Background

This case was originally assigned to Magistrate Judge Cousins, whose courtroom is in the San Jose Division of this District. After plaintiff filed a form declining magistrate judge jurisdiction, the case was randomly reassigned to a district judge outside of the San Jose Division pursuant to the Caseload Rebalancing Pilot Program. Dkt. No. 7; *see also*

United States District Court
Northern District of California

*https://cand.uscourts.gov/notices/northern-*district-extends-caseload-rebalancing-pilot-program/.
The case was randomly reassigned to Judge Breyer, whose courtroom is in San Francisco.  Dkt. No. 8.  Judge Breyer issued an order granting plaintiff's application to proceed in forma pauperis ("IFP") and ordering that the U.S. Marshal serve the defendants, and then filed an order recusing himself from the case that same day.  Dkt. Nos. 11, 12.  The case was then randomly reassigned to this Judge.  Dkt. No. 13.  The following day, this Court issued an order vacating Judge Breyer's IFP order (Dkt. No. 11), explaining that because the case was reassigned to this Judge, it was appropriate for this Judge to conduct the initial screening of the complaint.  Dkt. No. 14.

In this Order, the Court now rules on plaintiff's ex parte applications and conducts the initial screening of the complaint under 28 U.S.C. § 1915.

## DISCUSSION

### I.     Ex Parte Applications

In the time since this Court received the case, plaintiff has filed two ex parte applications: (1) an application to vacate and set aside this Court's order vacating Judge Breyer's IFP order, and to reinstate Judge Breyer's IFP order; and (2) an application to reassign this case to the San Jose Division of the Northern District of California.  Dkt. Nos. 15, 16.  The Court denies both ex parte applications.

First, as explained at Dkt. No. 14, it is appropriate for this Judge, as the one who will be handling the case, to conduct the screening of the complaint pursuant to 28 U.S.C. § 1915.  The Court will not order the U.S. Marshal to serve all 54 defendants named in the complaint when, as discussed below, some of the defendants are immune from suit.  Plaintiff's ex parte application to vacate and set aside this Court's order vacating Judge Breyer's IFP order, and to reinstate Judge Breyer's IFP order, is **DENIED**.

Nevertheless, the Court will not vacate the part of Judge Breyer's IFP order that finds plaintiff meets the income requirements to proceed IFP.  Although this Court has concerns about

United States District Court
Northern District of California

whether plaintiff's allegation of poverty is true, *see* 28 U.S.C. § 1915(e)(2)(A),[2] the Court will allow that part of Judge Breyer's IFP order to remain in place, and therefore **GRANTS** plaintiff's application to proceed IFP, without prepayment of the filing fees.

Regarding plaintiff's request to reassign this case to the San Jose Division, the Court notes that the case was randomly reassigned to a Judge in San Francisco (first, Judge Breyer, and then this Judge) in accordance with the Northern District of California's ongoing efforts to rebalance the caseloads across the district's courthouses. *See* https://cand.uscourts.gov/notices/northern-district-extends-caseload-rebalancing-pilot-program. The Court understands that appearing at the San Francisco courthouse would represent a serious inconvenience to plaintiff, who lives in Santa Cruz, and the Court is willing to consider accommodations such as allowing the parties to appear for court hearings telephonically (or over Zoom videoconference, if available). The Court also notes that plaintiff has registered as an ECF filer, that Judge Breyer approved her motion for ECF filing (Dkt. Nos. 9, 10), and that plaintiff has already filed several motions electronically. Therefore, plaintiff need not travel to San Francisco to file the papers in her case. If plaintiff needs to file any papers manually, she may do so by using the drop box at the San Jose courthouse or by mailing them to the San Francisco courthouse; she does not need to travel to the San Francisco courthouse in person for filing. Further instructions on e-filing or filing by mail are available in the Pro Se Handbook, available at: https://www.cand.uscourts.gov/pro-se-litigants/; *see also* Civil Local Rule 5-4 (a document may be filed by deposit in a drop box at any courthouse in the district, except that papers regarding a matter schedule for hearing within 7 days of filing should not be filed using a drop box).[3] For these reasons, plaintiff's ex parte application to reassign this case to the San Jose Division is **DENIED**.

---

[2] Plaintiff's IFP application lists more than $80,000 in assets. *See* Dkt. No. 2 at 3.

[3] The Civil Local Rules were recently amended to allow a litigant to use any drop box in the Northern District of California for manual filing, regardless of where the assigned Judge's chambers are. Therefore, the portion of the Pro Se Handbook that says papers must be filed in the courthouse where the assigned Judge holds chambers is now outdated.

United States District Court
Northern District of California

## II.    Screening Order Pursuant to 28 U.S.C. § 1915(e)(2)

The statute that authorizes courts to allow lawsuits to proceed without prepayment of the filing fees also requires the Court to "dismiss the case at any time if the court determines that – . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  For purposes of 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  To state a claim for relief, the complaint must contain "a short and plain statement showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).  The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[4]  *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Here, plaintiff brings her claims pursuant to 42 U.S.C. § 1983.  Compl. ¶ 3.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The Court has reviewed the complaint and concludes that it suffers from many deficiencies.  As a threshold matter, the complaint does not clearly state which defendants are being sued for which claims.  Some of the allegations do not specify the time period, so the Court cannot tell if the claims are timely.  Plaintiff brings claims related to protective/restraining orders that she says were issued against her, but she does not say when the restraining orders were issued, how long they lasted, and whether they have expired.  There are additional problems with the complaint that the Court addresses below.  It is possible that the plaintiff may be able to fix some of the issues in an amended complaint.  The Court therefore instructs as follows.

---

[4] "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted).

United States District Court
Northern District of California

### A.     Statute of Limitations

The statute of limitations for a § 1983 claim filed in California is two years.  *See Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011).  Plaintiff filed her complaint on June 23, 2023, and thus any claims that accrued before June 23, 2021, are untimely.  This includes allegations regarding proceedings that occurred in San Mateo County Family Court in 2016; reports that plaintiff made to the San Mateo Sheriff's Office in 2015-2020; reports that plaintiff made to the Santa Cruz Police Department in 2019-2020; interactions with Lisa Bergman, Family Court Mediator, in 2017-2020; and more.  *See generally* Compl. ¶¶ 9-149.

The Court therefore **DISMISSES, without leave to amend,** all claims based on events that occurred prior to June 23, 2021, unless plaintiff can show that these claims are timely.

### B.     Immunity From Suit

As already noted, the complaint does not clearly state which defendants are being sued for which claims.  It nevertheless appears that some of the defendants may be immune from the relief that plaintiff seeks.  *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

#### 1.     Judicial Immunity

Two of the defendants plaintiff names are Judge Don Franchi of the San Mateo County Family Court and then-Commissioner Renee Reyna.  In the Demand for Relief, plaintiff seeks, among other things, compensatory and punitive damages.  Compl. at 31.  However, a state judge is absolutely immune from civil liability for damages for acts performed in his or her judicial capacity. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967).  Judicial immunity is an immunity from lawsuits that seek damages.  *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  All of the allegations regarding Judge Franchi and Judge Reyna involve acts they took in their judicial capacities as judges in plaintiff's family law case.  The Court therefore **DISMISSES, without leave to amend**, the claims against defendants Judge Franchi and Judge Reyna.

United States District Court
Northern District of California

### 2.      Sovereign Immunity

Plaintiff has sued the San Mateo County Family Court, which is a part of the Superior Court of California, County of San Mateo.  Plaintiff seeks the abolition of, and an injunction against, the family court.  Compl. ¶ 222(E).

"The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies."  *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (citing *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-23 (9th Cir. 1991)).  "Although the County does pay most of the Superior Court's bills, state case law and constitutional provisions make clear that the [Superior] Court is a State agency" for the purpose of Eleventh Amendment immunity.  *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (1987), *superseded by statute on other grounds*.  A "suit against a California superior court is a suit against the state, which is barred by Eleventh Amendment immunity[.]"  *Finander v. Riverside*, 854 F. App'x 926, 927 (9th Cir. 2021) (citing *Zolin*, 812 F.2d at 1110); *see also Nilsen v. Blum*, No. C 17-04175 WHA, 2017 WL 6520752, at *2 (N.D. Cal. Oct. 5, 2017) (same).

The Court therefore **DISMISSES, without leave to amend**, the claims against the San Mateo County Family Court.

### 3.      Prosecutorial Immunity

Plaintiff has sued San Mateo County District Attorney Inspector James Haggarty.  *See* Compl. at 5.  A state prosecuting attorney enjoys absolute immunity from liability under 42 U.S.C. § 1983 for his conduct in "pursuing a criminal prosecution" insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process."  *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).  An investigator may be entitled to absolute immunity for actions carried out in preparation of a prosecutor's case.  *See Tennison v. City & Cty. of San Francisco*, 570 F.3d 1078, 1093 (9th Cir. 2009) (assuming without deciding that investigating officers may be entitled to absolute immunity from liability for *Brady* violations when their actions are intimately associated with the judicial phase of the criminal process); *KRL v. Moore*, 384 F.3d 1105, 1113 (9th Cir. 2004) (prosecutor's investigator entitled to

absolute immunity for reliance on second search warrant to the extent warrant was used to gather evidence for existing prosecution).

In her amended complaint, plaintiff must explain why the doctrine of absolute prosecutorial immunity does not require the dismissal of District Attorney Inspector James Haggarty from this action.  If she does not, the Court may dismiss the claims against Haggarty without leave to amend.

### C.      Private Actors as Defendants

Plaintiff sues a number of defendants who seem to be private actors.  An essential element of a § 1983 claim is that the violation was committed by a person acting under the color of state law.  *See Atkins*, 487 U.S. at 48.  A private individual generally does not act under color of state law.  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  Nor does a private entity.  *See, e.g., Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1013 (9th Cir. 2020) (private university was not a state actor even though it received federal and state funds, the receipt of the funds was conditioned on compliance with federal and state anti-discrimination laws, and it could lose government funds for failure to comply with the law).

Action taken by private individuals or organizations may be under color of state law "if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself."  *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295-96 (2001) (internal quotation marks omitted).  State action analysis begins with identifying the specific conduct that is allegedly state action.  *Ochoa v. Pub. Consulting Grp., Inc.*, 48 F.4th 1102, 1108 (9th Cir. 2022).  Once the conduct at issue has been defined, there is a two-prong test to determine whether state action exists.  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  First, the plaintiff must show that her deprivation was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible."  *Id.*  Second, she must show that "the party charged with the deprivation [is] a person who may fairly be said to be a state actor."  *Id.*

Here, the complaint names numerous defendants who appear to be private actors.  These

include the domestic violence agencies (CORA, Women SV, Walnut Avenue Women's Center), United Dental, Dr. Nancy Read, Dr. Rebecca Bailey, and the attorneys involved in plaintiffs' family law/child custody case.[5]  At the very least, the complaint does not contain enough information for the Court to understand who these defendants are or why plaintiff is alleging they were acting under color of state law.

In amending the complaint, plaintiff shall not bring any § 1983 claims against individuals or organizations who were not acting under the color of state law.  If plaintiff continues to bring § 1983 claims against private individuals or organizations, the amended complaint must identify the specific conduct that is allegedly state action.

**D.      Claims on Behalf of Daughter**

The complaint raises a number of allegations regarding plaintiff's daughter, B.M., who is still a minor.  *See* Compl. ¶¶ 201 (unlawful seizure of B.M. by Santa Cruz Police Department), 206 (B.M. subjected to cruel and unusual punishment when she was "battered and bruised, then locked up away from her Mother for three days like a prisoner of war").  It appears from the complaint that the family court awarded sole legal and physical to B.M.'s father following a hearing on June 11, 2021.  *See id.* ¶ 146.  The complaint does not name B.M. as a plaintiff.

It is unclear from the complaint whether plaintiff is suing for constitutional violations that the plaintiff herself experienced from witnessing the police officers' actions against B.M., or whether plaintiff is attempting to sue on B.M.'s behalf for B.M.'s own excessive force claim.  If plaintiff is seeking to sue on B.M.'s behalf for B.M.'s own claims, then B.M. would need to be added as a second plaintiff in this case.

The Court cautions, however, that plaintiff's ability to add B.M. as a plaintiff to this lawsuit is impacted by two circumstances in this case: (1) the fact that plaintiff does not have a lawyer; and

---

[5] With regard to defendants CORA and Women SV, the Court also notes that all of the allegations against them are from the time period prior to June 23, 2021.  Therefore, even if these defendants were state actors under § 1983, the claims against them would be outside of the statute of limitations, as explained above.

United States District Court
Northern District of California

(2) plaintiff's custodial rights.

The Ninth Circuit has clearly stated that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *see also C.E Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (a non-attorney "has no authority to appear as an attorney for others than himself") (citations omitted). If plaintiff seeks to add B.M. as a second plaintiff to this lawsuit, she will need to retain a lawyer or else this Court will have to dismiss B.M. from the case without prejudice. *See Johns*, 114 F.3d at 878.

Additionally, the Ninth Circuit has held that "a noncustodial parent, who retains some parental rights, may have standing to maintain a federal lawsuit to the extent that his [or her] assertion of retained parental rights under state law is not legally incompatible with the custodial parent's assertion of rights." *Newdow v. U.S. Congress*, 313 F.3d 500, 503-04 (9th Cir. 2002). This Court does not have enough information from the complaint to determine what, if any, parental rights plaintiff retains and whether, for instance, the custody order prohibits her from bringing lawsuits on B.M.'s behalf.

In amending the complaint, plaintiff shall either: (1) remove any claims brought on B.M.'s behalf; OR (2) add B.M. as a plaintiff to the complaint. If plaintiff chooses to add B.M. as a plaintiff, the amended complaint shall also explain: (A) what, if any, parental rights plaintiff retains with regard to B.M.; (B) whether the custody order prohibits plaintiff from bringing lawsuits on B.M.'s behalf; and (C) what steps plaintiff is taking to retain a lawyer.[6]

### E.    Appeal of Family Court Orders

Numerous allegations in the complaint are in reality an attempt to appeal decisions of the

---

[6] Adding B.M. as a plaintiff would also raise questions about who is going to act on B.M.'s behalf in this lawsuit. As a minor, she cannot appear in this lawsuit without some sort of guardian. An individual's capacity to sue is determined by the law of the individual's domicile. Fed. R. Civ. P. 17(b)(1). Under California law, a minor (i.e., someone under age 18) may bring suit as long as a guardian conducts the proceeding. *See* Cal. Fam. Code §§ 6502, 6601; *Johns*, 114 F.3d at 877. Federal Rule of Civil Procedure 17(c) further provides that a general guardian, committee, conservator or other like fiduciary "may sue or defend on behalf of the infant or incompetent person[.]"

United States District Court
Northern District of California

San Mateo County Family Court. *See, e.g.*, Compl. ¶ 207 (alleging cruel and unusual punishment in removing B.M. from plaintiff). In the Demand for Relief, plaintiff seeks the return of her daughter and wants "acknowledgement that all orders in Family Law Cases 16-FAM-00441 and 16-FAM-00441A are void ab initio, nullities." *Id.* ¶ 222(A), (B). This Court does not have the power to enter such an order.

The *Rooker-Feldman* doctrine essentially bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). Under *Rooker-Feldman*, lower federal courts are without subject matter jurisdiction to review state court decisions. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). The *Rooker-Feldman* doctrine applies even when the state court judgment is not made by the highest state court, *see Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.3 (9th Cir. 1986), and when federal constitutional issues are at stake, *see Branson v. Nott*, 62 F.3d 287, 292 (9th Cir. 1995), *overruled on other grounds by Amphastar Pharm. Inc. v. Aventis Pharma SA*, 856 F.3d 696, 710 (9th Cir. 2017); *see also Ignacio v. Armstrong*, 453 F.3d 1160, 1165 (9th Cir. 2006) (holding that federal court challenge to superior court judgment about child custody and marital assets is barred by *Rooker-Feldman*).

Accordingly, the Court **DISMISSES, without leave to amend,** all claims that ask this Court to overturn the rulings of the San Mateo County Family Court.

### F.     The *Heck* Problem

The case of *Heck v. Humphrey*, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence already has been determined to be wrongful. *See id.* at 486-87. A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being declared invalid by a state tribunal authorized to make such determination. *See id.* The *Heck* rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction

11

or sentence -- would imply that the conviction or sentence was invalid.  The practical importance of this rule is that a plaintiff cannot attack his conviction *in* a civil rights action for damages; the decision must have been successfully attacked *before* the civil rights action for damages is filed. The *Heck* rule was first announced with respect to an action for damages, but the Supreme Court has since applied the rule to an action that sought declaratory relief as well as damages.  *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997).  If success in the § 1983 action would "necessarily demonstrate the invalidity of confinement or its duration," the § 1983 action is barred no matter the relief sought (i.e., damages or equitable relief) as long as the conviction has not been set aside.  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, the Court does not have enough information about the status of the criminal case or cases against plaintiff.  Without knowing what convictions are in place, and what charges have been dismissed or resulted in acquittals, the Court cannot determine whether the claims are or are not barred by *Heck*.  If criminal charges are still pending, the Court may need to stay part or all of the action.  *See Wallace v. Kato*, 549 U.S. 384, 393 (2007).

In amending the complaint, plaintiff must explain the status of any criminal charges against her, particularly as related to her arrest on June 28, 2021, which is a major focus of the complaint. As the Court understands her allegations, plaintiff was arrested by Santa Cruz police officers on June 28, 2021, after a neighbor called the police in response to B.M.'s father arriving at plaintiff's home and trying to violently pull B.M. out of plaintiff's car.  The complaint alleges the police carried out a "violent and brutal assault" against B.M., then 13 years old.  *See* Compl. ¶¶ 158-159.  Plaintiff alleges the officers used excessive force against her and her daughter.  The complaint alleges that at some time during all of this, officers arrested plaintiff and took her to jail, where plaintiff was strip searched, had her prescription eyeglasses taken away from her, and was denied the ability to make a phone call until around 4pm.  *Id.* ¶¶ 167-168.  On November 4, 2021, plaintiff "signed a coerced plea deal to a misdeamenor [sic] nolo contender [sic] for custodial influence after being threatened by [attorney] Travis Whitfield and lied to by attorney Bethani Jackson that it was no big deal and would default to a Not Guilty after one year."  *Id.* ¶ 178.  Plaintiff further states, "All the charges should have been dismissed and DA Inspector James Haggarty, Deputy Gerano Urena and Police

1    Officer Adam Riddle prosecuted for committing perjury, writing false police reports and fabricating

2    false evidence against me." *Id.* The complaint does not say what plaintiff was charged with or what

3    became of the criminal case against her.

4        In amending the complaint, for every event that led to a criminal charge against plaintiff that

5    relates to any claim in this action, plaintiff must provide the following information: (1) generally

6    describe the incident(s) that led to the charge(s) in that case; (2) list the charges filed (i.e., list the

7    crimes she was accused of committing); (3) list the crimes of which she was convicted; and (4)

8    describe any favorable termination of the charges, such as dismissal, acquittal, or reversal on appeal.

9        For any plea agreement that plaintiff has entered, she should describe: (1) the crime or crimes

10   to which she pled guilty or no contest ("nolo contendere"); (2) the charges that were dismissed; and

11   (3) the sentence that was imposed. Plaintiff is encouraged to attach a copy of any relevant plea

12   agreement and abstract of judgment.

13       With regard to the charge that she was subject to excessive force by Santa Cruz police

14   officers during the course of her arrest on June 28, 2021, if plaintiff was convicted of resisting arrest,

15   plaintiff should explain why that conviction does not pose a *Heck* bar to her excessive force claim.

16   Excessive force claims may survive *Heck* if the elements of the offense of which an arrestee was

17   convicted are not inconsistent with a determination that the officers used excessive force on the

18   arrestee. *See, e.g., Hooper v. County of San Diego*, 629 F.3d 1127, 1134 (9th Cir. 2011) ("conviction

19   under California Penal Code § 148(a)(1) does not bar a § 1983 claim for excessive force under *Heck*

20   when the conviction and the § 1983 claim are based on different actions during 'one continuous

21   transaction.'") In the amended complaint, plaintiff is also encouraged to add details regarding the

22   alleged excessive force incident as it was carried out <u>against plaintiff</u>. The complaint provides

23   graphic detail about the actions the officers took against plaintiff's daughter but does not contain as

24   much information about the excessive force she alleges was taken against plaintiff herself.

25       Finally, if plaintiff chooses to pursue her excessive force claim in the amended complaint,

26   the Court notes that excessive force claims which arise in the context of an arrest of a free citizen

27   are analyzed under the <u>Fourth Amendment</u> reasonableness standard, rather than under the Eighth

28   Amendment, which is what plaintiff cites in the complaint. *See Graham v. Connor*, 490 U.S. 386,

United States District Court
Northern District of California

394-95 (1989); *Forrester v. City of San Diego*, 25 F.3d 804, 806 (9th Cir. 1994).

### G.  Recap/Other Defendants

To the extent that any claims or defendants have not been addressed by this Order, the Court finds that the complaint covers such a wide variety of events, many of which are incompletely alleged, that the Court has determined that the best course is to have plaintiff file an amendment to the complaint to address the problems described above.  Once the Court receives that information, it can better determine whether further amendment will be necessary and whether any claims may proceed against any of the defendants.

### III.    Resources for Pro Se Litigants

The Court reminds plaintiff that resources are available for parties who are representing themselves in the Northern District of California.  *See* Dkt. No. 14 at 2.

The Court encourages all pro se litigants to consult with the Legal Help Center, though this is optional.  To schedule an appointment with the Legal Help Center, call: (415) 782-8982.

The Northern District of California website also has various resources available, including a Pro Se Handbook.  These resources are available online at: https://www.cand.uscourts.gov/pro-se-litigants/.

### CONCLUSION

The Court **GRANTS** plaintiff's application to proceed IFP (Dkt. No. 2) but **DISMISSES** plaintiff's complaint (Dkt. No. 1), with leave to amend, as instructed above.  To summarize, the amended complaint:

- shall not sue for events that occurred prior to June 23, 2021, unless plaintiff can show that these claims are timely;

- shall clearly state which defendants are being sued for which claims;

- for any claims based on a protective/restraining order, shall clearly state: (1) when the restraining orders were issued, (2) how long they lasted or were supposed to last, and (3)

whether they have expired;

- shall not name any defendants that are immune from suit (such as for judicial immunity, sovereign immunity, or prosecutorial immunity). If plaintiff continues to sue District Attorney Inspector James Haggarty, the amended complaint must explain why the doctrine of absolute prosecutorial immunity does not require the dismissal of Haggarty from this action;

- shall not bring any § 1983 claims against individuals or organizations who are not state actors. If plaintiff continues to bring § 1983 claims against private individuals or organizations, the amended complaint must identify the specific conduct that is allegedly state action;

- shall either remove claims brought on B.M.'s behalf **OR** shall add B.M. as a plaintiff. If plaintiff chooses to add B.M. as a plaintiff, she shall also explain:

  - (A) what, if any, parental rights plaintiff retains with regard to B.M.;

  - (B) whether the custody order prohibits plaintiff from bringing lawsuits on B.M.'s behalf; and

  - (C) what steps plaintiff is taking to retain a lawyer in this case;

- shall remove all claims that ask this Court to overturn the rulings of the San Mateo County Family Court;

- shall address the "*Heck* problem" by:

  - explaining the status of any criminal charges against plaintiff, particularly as related to her arrest on June 28, 2021;

  - for every event that led to a criminal charge against plaintiff that relates to any claim in this action, providing the following information: (1) generally describe the incident(s) that led to the charge(s) in that case; (2) list the charges filed (i.e., list the crimes she was accused of committing); (3) list the crimes of which she was convicted; and (4) describe any favorable termination of the charges, such as dismissal, acquittal, or reversal on appeal;

  - for any plea agreement that she has entered, describing: (1) the crime or crimes to

15

which she pled guilty or no contest ("nolo contendere"); (2) the charges that were dismissed; and (3) the sentence that was imposed.  Plaintiff is encouraged to attach a copy of any relevant plea agreement and abstract of judgment; and

- may (if plaintiff wishes) add more detail regarding plaintiff's claim of excessive force, regarding what the officers did to plaintiff.

**Plaintiff shall file an amended complaint that complies with the instructions in this Order no later than October 17, 2023**.  If plaintiff does not file an amended complaint by the deadline, this case may be dismissed for failure to prosecute.

The Court **DENIES** plaintiff's ex parte applications filed at Dkt. Nos. 15 and 16.


**IT IS SO ORDERED**.

Dated: September 26, 2023

_____

SUSAN ILLSTON
United States District Judge